IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ADA JOHNSON**, | ) | CIVIL ACTION NO. 22-1133 |
| | ) | |
| Plaintiff, | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| v. | ) | |
| | ) | |
| **WARDEN JOE DeMORE,** | ) | |
| | ) | |
| Defendant. | | |

## MEMORANDUM OPINION

I. Introduction

Pending before the court is the magistrate judge's report and recommendation ("R&R") (ECF No. 2), which recommended that a § 2241 petition for writ of habeas corpus (ECF No. 1) filed pro se by Ada Johnson ("Johnson") be dismissed – pre-service. The magistrate judge determined it was plain on the face of the petition that Johnson is not entitled to relief under 28 U.S.C. § 2241. The R&R recommended that, notwithstanding the clear lack of merit, the petition be dismissed without prejudice and that Johnson be granted leave to file an amended petition.

II. Factual and Procedural History

Johnson is being detained pretrial in federal custody. At Crim. No. 22-46, Johnson is charged with: (1) conspiracy to distribute cocaine base, heroin, fentanyl and fluorofentanyl; (2) possession with intent to distribute cocaine base, heroin, fentanyl and fluorofentanyl; and (3) possession of a firearm by a convicted felon. Johnson waived a detention hearing (Crim. No. 22-46, ECF No. 24). Johnson is also in custody at Crim. No. 16-195, for a supervised release violation. Johnson waived a detention hearing and preliminary hearing in that case. (Crim. No.

1

16-195, ECF Nos. 707, 708). The court notes that Johnson is represented by counsel in each of her pending criminal cases, which are proceeding before different judges in this district.

In the pending petition in this case, Johnson asks the court to release her on house arrest because her children need her to supply steady housing and parenting, and to enable her to gain employment and prepare for trial. (ECF No. 1 at 7, 8). In the R&R, the magistrate judge explained – correctly – that a person seeking pretrial release must do so through the provisions of the Bail Reform Act, 18 U.S.C. §§ 3141-3150. Pretrial release may not be obtained by filing a separate § 2241 petition. (ECF No. 2 at 2-4) (discussing and quoting *Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 246-47 (3d Cir. 2018)). The magistrate judge stated: "Thus, it is clear that under the controlling law of this Circuit, a petition filed under 28 U.S.C. § 2241 is the wrong vehicle to challenge detention pending trial." (ECF No. 2 at 4).

The magistrate judge explained that objections to the R&R must be filed by September 6, 2022, and that failure to file timely objections would waive the right to appeal. The R&R also provided an opportunity for Johnson to file an amended petition by September 17, 2022, and stated that failure to do so would result in dismissal of this case without prejudice. The R&R was mailed to Johnson on August 22, 2022.

Johnson did not file any objections to the R&R by September 6, 2022. Johnson did not file an amended § 2241 petition by September 17, 2022. As of the date of this opinion and order, there has been no activity on the docket since the R&R (except for reassignment of this case to this member of the court).

III. <u>Standard of Review</u>

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may also receive further

evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). Rule 72(b)(3) requires de novo review of any recommendation that is dispositive of a claim or defense of a party to which proper objections were made. *See Fraunhofer-Gesellschaft Zur Forderung Der Angewandten Forschung E.V. v. Sirius XM Radio Inc.*, No. 1:17CV184, 2021 WL 1147010, at *1 (D. Del. Mar. 25, 2021).

A party's failure to timely object to a magistrate judge's conclusions "may result in forfeiture of de novo review at the district court level." *Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007) (citing *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987)). A district court must take some action for an R&R to become a final order and the responsibility to make an informed, final determination remains with the district court judge. *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017). As a matter of good practice, therefore, a district court should afford "reasoned consideration" to the uncontested portions of the report in order to "satisfy itself that there is no clear error on the face of the record." *Id.*; Fed. R. Civ. P. 72(b) advisory committee notes.

IV.   <u>Analysis</u>

The magistrate judge's legal analysis is clearly correct. Pursuant to binding authority from the Third Circuit Court of Appeals, a separate § 2241 petition is the wrong vehicle for Johnson to challenge her pretrial detention in her pending criminal cases. *Reese*, 904 F.3d at 246-47. Johnson is represented by counsel in those cases and could seek detention hearings under the Bail Reform Act in those criminal cases. A separate proceeding before a different judge pursuant to § 2241 is not proper.

The dismissal of this petition should be <u>with</u> prejudice. The lack of merit of Johnson's petition is clear, and she did not take advantage of the opportunity to file an amended petition by September 17, 2022, as provided in the R&R. Any further opportunity for amendment would be

futile and inequitable. The court notes that in *Reese*, 904 F.3d 244, the district court simply dismissed the improper § 2241 petition. Accordingly, the clerk will be instructed to dismiss the improper § 2241 petition in this case with prejudice and mark this case closed.

V. Conclusion

For the reasons set forth above, the R&R (ECF No. 2) will be adopted as the opinion of the court in all respects, except as to the recommendation that the petition be dismissed without prejudice. The clerk of court will be instructed to dismiss the improper § 2241 petition with prejudice and mark this case closed.

An appropriate order follows.

Dated: September 20, 2022

BY THE COURT,

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge